# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANIEL COLBERT, JR.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**OKLAHOMA DEPARTMENT** )<br>**OF CORRECTIONS MEDICAL** )<br>**SERVICE, BUDDY HONAKER,** )<br>**DAVID SUTMILLER,** )<br>**and DR. MARLER,** )<br>)<br>Defendants. ) | No. CIV 16-408-JHP-SPS |

## OPINION AND ORDER

On September 23, 2016, Plaintiff filed in the Northern District of Oklahoma a "Petition Seeking Injunctive Relief," which was construed as a civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. 1). Plaintiff alleged he has squamous cell carcinoma, resulting in his inability to eat, swallow, or digest food. *Id.* at 1. Therefore, a percutaneous endoscopic gastronomy (PEG) tube was inserted into Plaintiff at OU Medical Center. *Id*.

Plaintiff subsequently was transferred to Oklahoma State Penitentiary, where Defendant Dr. Marler, the facility physician, ordered a new PEG tube for Plaintiff. *Id*. at 2. Dr. Marler intended to perform the surgery to insert the tube. *Id.* Plaintiff, however, objected to Dr. Marler's performing the procedure, because Dr. Marler may not be qualified to perform the surgery. *Id*. In addition, Dr. Marler allegedly had repeatedly asked Plaintiff to sign a Do Not Resuscitate form, so Plaintiff can die. *Id*. Fearing he could die from "medical malfeasance or neglect," Plaintiff asked the Court to intervene and have him removed from Dr. Marler's care. *Id*.

Because venue was improper in the Northern District, the case was transferred to this Court on September 26, 2016. (Dkt. 2). On that date, this Court directed Plaintiff to file a proper civil rights complaint and to pay the filing fee or file a proper motion for leave to

proceed *in forma pauperis* (Dkts. 5, 6).

On October 27, 2016, Plaintiff filed a letter which was construed as a motion to voluntarily dismiss this action. (Dkt. 7). The motion alleges that two days after the complaint was filed, Dr. Marler advised Plaintiff that if Plaintiff would allow the surgery, he would be moved from an isolation cell to the infirmary. *Id*. Dr. Marler further advised Plaintiff that if he did not consent to the surgery, Plaintiff would be given a Do Not Resuscitate form and left in the isolation cell to die. *Id*. Because Plaintiff gave permission for the surgery, he alleged he no longer had grounds for relief, and he asked to dismiss this action. *Id*.

**ACCORDINGLY,** Plaintiff's motion to voluntarily dismiss this action (Dkt. 7) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(a).

**IT IS SO ORDERED** this 29th day of November, 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma